HOUSEKNECHT *v.* HOUSEKNECHT.

DIVORCE—ALIMONY—EVIDENCE—SUFFICIENCY.

In a suit for divorce by a wife, where the husband failed to appear, testimony by plaintiff that defendant told her he was worth $15,000, supported by other evidence, *held*, sufficient to justify a decree for $3,000 alimony, in addition to $122 for expenses and $250 for an attorney's fee.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 18, 1923.    (Docket No. 162.) Decided March 22, 1923.

Bill by Goldie Houseknecht against George Houseknecht for a divorce.    From a decree for plaintiff, defendant appeals.    Affirmed.

*Harry C. Howard,* for plaintiff.

*W. J. Barnard,* for defendant.

MOORE, J.    This is a divorce case.    The parties were married in 1912, and separated in 1918.    The bill of complaint alleges cruelty and failure to support, and among other things counts upon the defendant's attentions to his cousin and the neighborhood gossip and embarrassment to her on account thereof. The court granted the divorce and awarded by way of alimony $3,000; also expenses which defendant had incurred in the amount of $122, and an attorney fee of $250.    The answer filed in this case was very short.    It admitted some things averred in the bill of complaint were true, but contained a general denial of the averments of failure to support, ·of cruelty and of the value of defendant's property.    The court

found the defendant had admitted to his wife that he was worth $15,000 and upwards, and that there was enough evidence to fairly support the admission. The defendant appeared in court by counsel, but did not himself appear, and produced but one witness who testified concerning the making of a deed by the mother of the defendant.

The defendant does not question that a decree of divorce should be granted, but his counsel says the amount of alimony awarded is more than the defendant is worth, and closes his brief by the statement:

"We contend that five hundred dollars as a lump sum together with the household furniture and one hundred dollars attorney fee was adequate under the record in this case."

The case was tried in open court. The chancellor filed a written opinion of considerable length, from which we quote. Speaking of the testimony of the plaintiff the court said:

"I think the record ought to show I do accept her testimony substantially as correct, and in so doing, I must necessarily find cause for divorce, and, as far as the husband is concerned, it is a most aggravated case. She was nearly twenty years of age when married, so she has spent with him ten years of the best part of her life. Her opportunities for marriage and other opportunities in life are considerably diminished by this marriage. * * *

"Now it appears that the defendant told his wife that he was worth fifteen thousand dollars and upwards. There is, in my judgment, enough evidence in the case that will support and corroborate that. The court should not award alimony upon surmise, but from the testimony from which the inference may be legitimately drawn. It seems to me that there is enough in this record to sustain the finding that the defendant was worth at the time he talked to his wife about this matter approximately fifteen thousand dollars. While the defendant was looking forward to taking life more or

less easy, his wife, during that period was working hard. The amount to be allowed must be based on the gravity of misconduct and the breach of the marriage contract on his part. We must keep that in mind. If he was willing to give three thousand dollars, and it appears that he was, he knew his own circumstances better than anybody else did. The evidence was all in his possession, knowing his own circumstances, knowing his financial worth, as he must have known it, if he considered it fair to give her three thousand dollars, I don't know why the court should hesitate to consider it fair.    *    *    *

"The defendant is not here, and no effort is made to account for his absence; he is wilfully absent. His failure to controvert the testimony of his wife or explain or account for it and give his version of it justifies the court in drawing any legitimate conclusions that may be drawn from the evidence against him and in favor of his wife."

Counsel argues that the testimony as to his client's effort to settle with his wife was incompetent as he had a right to buy his peace if he could. The important question in the case was one of fact. The defendant knew whether he made the statements to his wife as testified to by her. He also knew what property he had and its value. It would have been a good time for him to help the chancellor in his effort to arrive at a conclusion by telling him about it. He did not do so. Upon this record we are not satisfied that the court erred.

The decree is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.